# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Elizabeth Ledford, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Elizabeth Ledford, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

## PARTIES

3. Plaintiff, Elizabeth Ledford ("Ledford"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a delinquent, time-barred consumer debt, which was allegedly owed for a Capital One credit card.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant PRA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Defendant PRA's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

6. Defendant PRA is authorized to conduct business in the State of Alabama and maintains a registered agent within the State of Alabama, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant conducts extensive business in Alabama.

## FACTUAL ALLEGATIONS

7. More than four years ago, Ms. Ledford fell behind on paying her bills, including a debt she allegedly owed for a Capital One Bank credit card account. Sometime after that debt became delinquent, it was allegedly purchased/obtained by PRA, which tried to collect upon it by sending Ms. Ledford a form collection letter, dated February 1, 2017.  After making various "account offers", which were described as "savings" plans, which could result in the account being "Settled in Full", this letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

* * *

A copy of this collection letter is attached as Exhibit B.

8. As is her right under the FDCPA, Ms. Ledford responded to PRA's attempt to collect the Capital One debt with a letter, dated on August 2, 2017, disputing the debt and refusing to pay it. This letter was delivered to Defendant on August 10, 2017 by the United States Postal Service. A copy of this letter and the delivery confirmation are attached as Group Exhibit C.

9. Undeterred, Defendant PRA sent Ms. Ledford a collection letter, dated August 15, 2017, regarding paying the Capital One debt. This letter again offered a "Savings Plan", claimed that the completion of the plan would result in the account being noted as "Settled in Full"; the letter also offered a full payment "Installment Option", the completion of which would result in the account being noted as "Paid in Full". The letter also belatedly contained the same attempted disclaimer about the time-barred nature of the debt. A copy of this collection letter is attached as Exhibit D.

10. These letters, by stating that PRA "will not" sue, rather than it "cannot" sue, imply that PRA still had the option to take this action, and that it was simply choosing not to do so.

11. In fact, Defendant could not sue to collect the debt at issue because the applicable statute of limitations in the State of Alabama had expired.

12. The failure of Defendant to disclose that Defendant could not sue to collect the debt is material. The lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of

the debt at issue, and cause them to believe Defendant's statements that the debt needed to be settled and/or would result in the alleged savings.

13.	Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Defendant's assertion that the consumer would realize savings by paying the debt and that the account would be considered "Settled in Full" or "Paid in Full", would cause a consumer to believe that paying the debt would result in some sort of benefit to the consumer's financial position, when it would not.

14.	Furthermore, Defendant's violations of the FDCPA were material because, although Plaintiff believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

15.	Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

16.	Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

17.	Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from further communication with a consumer, if the consumer notifies the debt collector, in writing, that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication, see, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Ledford (Group Exhibit C), told Defendant that she refused to pay the debt, and directed Defendant to cease contacting her.  By continuing to communicate regarding collection of the debt, by sending Ms. Ledford the August 15, 2017 letter (Exhibit D), Defendant PRA violated § 1692c(c) of the FDCPA.

20.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

23.     Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing,

836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

24. Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because it failed to disclose that PRA could not legally sue, not that PRA had simply chosen not to do so.

25. Moreover, it was deceptive or misleading to claim that payment of a time-barred debt would result in any savings and/or that the debt being marked as "Settled in Full" or "Paid in Full" was some sort or benefit.

26. Thus, Defendant's form letters violated § 1692e of the FDCPA.

27. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

28. Plaintiff adopts and realleges ¶¶ 1-16.

29. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

30. Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because it failed to disclose that PRA could not legally sue, not that PRA had simply chosen not to do so. Moreover, Defendant falsely claimed that payment of a time-barred debt would result in any savings and/or that it being marked as "Settled in Full" or "Paid in Full" was some sort or benefit.

31.     Defendant's ineffective disclaimer concerning the time-barred nature of the debt and its false statements concerning "savings" constituted the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

32.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elizabeth Ledford, prays that this Court:

1.     Find that Defendant's collection actions and form collection letters violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Ledford, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elizabeth Ledford, demands trial by jury.

                                                       Elizabeth Ledford,

                                                       By: /s/ David J. Philipps_____
                                                       One of Plaintiff's Attorneys

                                                       By:/s/ Bradford W. Botes_____
                                                       One of Plaintiff's Attorneys

Dated:  September 12, 2017

David J. Philipps     (Ill. Bar No. 06196285)(Pro hac vice to be sought)
Mary E. Philipps     (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
600 University Park Place
Suite 510
Birmingham, Alabama 35209
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com